

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYRONE G. RIDGEWAY,          )
                             )
          Plaintiff,         )
                             )      Case No. 07 C 3246
                             )
     v.                      )      Magistrate Judge
                             )      Arlander Keys
                             )
MICHAEL J. ASTRUE,           )
Commissioner of the Social   )
Security Administration,     )
                             )
          Defendant.         )

## MEMORANDUM OPINION AND ORDER

On September 23, 2008, the Court issued a Memorandum Opinion
and Order remanding Tyrone Ridgeway's case to the Commissioner of
Social Security. Shortly thereafter, Mr. Ridgeway's attorney
petitoned the Court for an award of attorney's fees under the
Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing
party in an action against the United States; the Government may
defeat this entitlement by showing that its position in the
underlying litigation 'was substantially justified.'" *Scarborough
v. Principi*, 541 U.S. 401, 405 (2004)(citing 28 U.S.C. §
2412(d)(1)(A)). Having won summary judgment in his favor and
secured a remand, Mr. Ridgeway is the prevailing party; indeed,
the Commissioner concedes as much, but argues that an award of
fees is inappropriate because his position was substantially

justified. The Commissioner has the burden of establishing that his position was "substantially justified" - that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). In the instant case, he failed to meet that burden.

Initially, the Court notes that a loss on the merits does not foreclose a finding of substantial justification; a decision may be substantially justified even if it was not necessarily supported by substantial evidence. *See, e.g., Scarborough*, 541 U.S. at 415 (the fact that the Government lost on the merits does not mean that its position was not substantially justified). But in this case, neither was true. The ALJ failed to provide a complete RFC Assessment of Mr. Ridgeway, in direct violation of Social Security Regulation 96-8p. In addition, he neglected to follow the law of this Circuit. Specifically, the Court held in its Memorandum Opinion and Order dated September 23, 2008, that the ALJ consistently failed to build an "accurate and logical bridge from the evidence to [his] conclusion." Taken together, this tends to demonstrate that the ALJ's position, and the Commissioner's subsequent defense of said position, were not substantially justified. The Commissioner has offered nothing in his opposition brief to persuade the Court otherwise. Accordingly, the Court finds that an award is appropriate under the EAJA.

Having determined that an award of fees is appropriate, the Court must next determine what amount should be awarded. In his initial application, Mr. Ridgeway's counsel seeks to recover fees totaling $7,349.49. The fee request includes 42.7 hours of attorney time billed at the rate of $167.74/hour. Additionally, counsel seeks payment for 2.2 hours of legal assistant time billed at a rate of $85.00/hour. In his reply brief, counsel seeks another 3.4 hours of attorney time billed at a rate of $167.74/hour. Thus, in total, Mr. Ridgeway's counsel seeks fees in the amount of $7,919.80.

The Commissioner does not challenge the hourly rates proposed by counsel, and the Court finds that they are reasonable. The Court finds, however, that some of the time billed should be disallowed.

First, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. See Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); Seamon v. Barnhart, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). Additionally, the time spent on certain tasks was excessive, requiring additional

3

reductions. *See Hensley v. Eckerhart*, 461 U.S. 424 (1993)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). For example, according to the billing records, counsel spent 20.4 hours drafting Plaintiff's Memorandum in Support of His Motion for Summary Judgment. Yet, counsel found it necessary to spend an additional 2.1 hours reviewing and revising the draft that he, himself had written. The Court will not allow counsel to recover fees for the review time. Nor will the Court allow counsel, a seasoned Social Security disability practitioner, to recover fees for all of the 10.8 hours he spent drafting Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment.

Taking the above into account, the Court will allow counsel to recover fees for 39.6 hours of attorney time (at the rate of $167.74/hour) and 1.8 hours of legal assistant time (at the rate of $85.00/hour), for a total fee award of $6,795.50.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Ridgeway and awards fees as requested, except to the extent explained above. Consistent with the EAJA, and in accordance with the assignment executed by Mr. Ridgeway, the Court awards fees, payable to Barry A. Schultz, in the amount of $6,795.50.

Date: January 13, 2009          E N T E R E D:

_Alander Keys_

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT

5